IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANGELA PLEDGER,

    Plaintiff,

v.                                                                     Civil Action No. 3:13-CV-740-JAG

FAIRFAX COUNTY,

    Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on the defendant's motion to dismiss. (Dk. No. 10.) The plaintiff's amended complaint alleges a single count, asserting that the defendant violated Title VII by terminating her employment after she took maternity leave.

Title VII requires that a plaintiff comply with that statute's mandatory 90-day window for filing suit in federal court—a limitation period beginning on the date the plaintiff receives her "right-to-sue" notice from the Equal Employment Opportunity Commission ("EEOC"). Here, the plaintiff filed her lawsuit more than 90 days after receiving her right-to-sue notice from the EEOC. Her complaint is time-barred, and the Court GRANTS the defendant's motion to dismiss with prejudice.

## I. MATERIAL FACTS

Angela Pledger began her employment with Fairfax County in May of 2012. Her job ran along smoothly until October 23, 2012,[1] when she notified her supervisor that she would be taking maternity leave. Pledger remained on maternity leave until December 7, 2012, when she

---

[1] Pledger's pleadings periodically confuse the year in which she left work for maternity leave, but it is clear that Pledger's hiring, her maternity leave, the birth of her child, and her attempt to resume her position all occurred in 2012, not 2013.

contacted Fairfax County to arrange for her return to work. Fairfax County essentially ignored Pledger's phone calls, leading her to contact her union in January, 2013. At some point afterwards—apparently in March, 2013—Pledger requested her official personnel file, as well as documentation regarding her job status, from Fairfax County. On March 13, 2013, Fairfax County provided Pledger with notice advising her (for the first and only time) that she had been terminated on October 22, 2012—the last day she worked before leaving on maternity leave.

Pledger filed a formal charge of discrimination with the EEOC on April 13, 2013. The EEOC mailed a "Dismissal and Notice of Rights" form (a right-to-sue notice) to Pledger on July 31, 2013. Pledger filed her lawsuit with the Court on November 5, 2013.[2]

## II. DISCUSSION

The plaintiff's sole count alleges a Title VII pregnancy discrimination claim. "Title VII requires that a suit alleging its violation must be filed within 90 days of the plaintiff's receipt of a right-to-sue letter from the EEOC." *Onan v. Cnty. of Roanoke, Va.*, 52 F.3d 321 at *2 (4th Cir. 1995) (unpublished) (citing 42 U.S.C. § 2000e-5(f)(1)). When Title VII's 90-day filing window closes, so does the plaintiff's opportunity to bring her complaint to federal court: "Failure to meet this deadline precludes the [federal district court] from considering the merits of the claim." *Ugbo v. Knowles*, 480 F. Supp. 2d 850, 850–51 (E.D. Va. 2007).

The EEOC mailed its "Dismissal and Notice of Rights" to Pledger on July 31, 2013. Title VII's 90-day limitations period begins to run on the date on which Pledger *received* that Notice. *See* 42 U.S.C. § 2000e-5. Because Pledger does not provide the Court with a firm date of receipt, the Court will apply Federal Rule of Civil Procedure 6(d)'s catch-all rule of computation "to conclude that the right-to-sue letter arrived at [the plaintiff's] home three days

---

[2] The Clerk did not officially file Pledger's lawsuit until November 6, 2013, after the Court reviewed and approved Pledger's motion to proceed *in forma pauperis*. For Title VII purposes, the Court deems Pledger's complaint filed as of the date it initially reached this Court.

after it was mailed." *See Beale v. Burlington Coat Factory*, 36 F. Supp. 2d 702, 704 (E.D.Va. 1999) (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n. 1 (1984)). Applying the three-day "mailbox rule" places the EEOC Notice in Pledger's hands on Saturday, August 3, 2013. From that date, Pledger had 90 days to file her lawsuit in federal court—that is, on or before Friday, November 1, 2013.

Pledger filed her complaint in this Court on November 5, 2013, four days *after* Title VII's filing limitation period expired.[3] While a half-week's delay may seem a trivial reason to bar a complaint, the adage that "close only counts in horseshoes and hand grenades" applies in equal measure to Title VII's 90-day filing deadline.[4] Pledger's claim is time-barred, and so the Court must grant the defendant's motion to dismiss.

### III. CONCLUSION

For the reasons set forth above, the Court GRANTS the defendant's motion to dismiss WITH PREJUDICE.

Date: May 16, 2014
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

[3] The date that Pledger *mailed* her complaint is irrelevant. "It is well established that when papers are mailed to the clerk's office, filing is complete only upon the clerk's receipt of those papers, and that filings reaching the clerk's office after a deadline are untimely, even if they are mailed before the deadline." *Crawford-Mulley v. Corning Inc.*, 77 F. Supp. 2d 366, 368 (W.D.N.Y. 1999) (collecting cases from five Circuit Courts of Appeal).

[4] "The timing requirements for filing a lawsuit following an EEOC right-to-sue notice have been strictly construed." *See Lewis v. Norfolk S. Corp.*, 271 F. Supp. 2d 807, 811 (E.D. Va. 2003) (citing *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652 (4th Cir. 1987) (holding suit filed ninety-one days after notice untimely); *Boyce v. Fleet Finance Inc.*, 802 F.Supp. 1404 (E.D. Va. 1992) (ninety-two days)).